# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROYCE L. WELCH, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-07-217-SPS
 )
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

The claimant Royce L. Welch requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

### Claimant's Background

The claimant was born on December 19, 1959, and was 45 years old at the time of the administrative hearing. He has a GED and previously worked as a machinist. The claimant maintained insured status through December 31, 2005, but alleges disability since July 31, 2001, due to emphysema, joint pain, hypertension, alcoholism, and depression.

### Procedural History

On April 29, 2003, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, which was denied.[2] ALJ Lance Hiltbrand conducted a hearing and determined that the claimant was not disabled on May 19, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform medium work, *i. e.*, that he could lift and/or carry up to 50 pounds occasionally and 25 pounds frequently; stand

---

[2] A prior application for benefits by the claimant was denied in 1995. There was no appeal, and the ALJ refused to reopen the prior case in reviewing the claimant's current application. The ALJ's refusal is not in issue here. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (finding that the ALJ's decision not to reopen claimant's prior application for benefits was discretionary and therefore not subject to judicial review under § 405(g)), *citing Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

and/or walk for two hours in an eight-hour workday; and sit for six hours in an eight-hour workday. The claimant was limited to occasional stooping and had environmental limitations as well, *i. e.*, no working around dust, chemicals, perfumes, odors, heights or scaffolds. His depression and alcoholism resulted in moderate restriction of daily activities, difficulty maintaining social functioning, and difficulty maintaining concentration, persistence or pace (Tr. 22). The ALJ concluded that even if the claimant could not return to his past relevant work as a machinist, he was nevertheless not disabled because there was work he could perform existing in significant numbers in the regional and national economies, *e. g.*, general hardware sales, marker/retail, cashier II, and change maker (Tr. 22-23).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly consider the materiality of his alcohol consumption; and, (ii) by failing to properly analyze his credibility. The Court finds the claimant's second contention dispositive.

The record reveals that the claimant's severe impairments include emphysema, joint pains, hypertension, alcoholism, and depression (Tr. 19). At the administrative hearing, the claimant testified that he suffered from a drinking problem and had been unable to "quell the problem" even after attending treatment on multiple occasions (Tr. 228). He drank about everyday, and his friends provided him with most of the alcohol (Tr. 243). The claimant had smoked for approximately 30 years and became short of breath when walking (Tr. 229, 244). He continued to smoke at the time of the hearing, but he was trying to cut back (Tr. 229). The claimant sometimes experienced panic attacks which caused his blood pressure to rise

and mimicked a heart attack (Tr. 233-34). He often suffered from hand tremors, which he testified his doctor associated with his panic attacks instead of his alcohol use (Tr. 246-47). He was taking medication including Xanax, Lortab and Toprol, but he could not longer afford it. When he could afford nothing else, he usually took over-the-counter medications (Tr. 234-35). The claimant experienced blackouts when drunk (Tr. 236), and he felt tired all the time (Tr. 246). When asked about his daily activities, the claimant testified that he woke up early, had a drink, and sat and watched television (Tr. 238). He sometimes did the dishes and changed the oil in his car, but he did not do yard work because it hurt his shoulders and back when sitting on the riding lawn mower. Although the claimant was involved in traffic accidents and had been charged with driving under the influence of alcohol, he currently had a driver's license (Tr. 239-40). He could only perform an activity for 15-20 minutes before having to stop and rest and could only sit for about one hour before his back started hurting (Tr. 246). He could no longer perform his past work as a machinist because of problems bending and staying in a standing position for long periods of time (Tr. 240).

The ALJ summarized the medical evidence and *some* of the claimant's testimony in his written decision (Tr. 24). In analyzing the materiality of the claimant's alcoholism to his disability determination, the ALJ indicated that "since the claimant is alleging disability as a result of subjective complaints, the undersigned has evaluated the entire record, including the claimant's testimony, within the provisions of [*Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), 20 C.F.R.§ 404.1529], and Social Security ruling 96-7p." (Tr. 23). The ALJ also stated summarily that he had "considered all symptoms and the extent to which these

symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR [§] 404.1529 and SSR 96-4p and 96-7p." *Id*. This was unfortunately the full extent of the ALJ's credibility analysis.

Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence when taken as a whole. *Casias,* 933 F.2d at 801. But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. "[B]oilerplate language fails to inform [a court] in a meaningful, reviewable way of the specific evidence [an] ALJ considered in determining that [a] claimant's complaints were not credible." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004), *citing Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).

The ALJ's analysis of the claimant's credibility in this case clearly fell below these standards. Although he is not required to perform "a formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), the ALJ must at least link his credibility determination to the evidence in the record when rejecting the claimant's subjective complaints. *See Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) ("Before finding that a claimant experiencing pain from a medically determinable impairment is not disabled, an ALJ must carefully consider all the relevant evidence, including subjective pain testimony, and expressly reflect that consideration in the findings. Findings as to credibility should be closely and affirmatively linked to substantial evidence

and not just a conclusion in the guise of findings."). *See also Kepler*, 68 F.3d at 391, *citing Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir. 1988) ("The failure to make credibility findings regarding the Williams' critical testimony fatally undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability."). In this case, the ALJ neither mentioned the specific factors he considered as to the claimant's credibility nor linked his findings to any evidence in the record. Here, as in *Kepler*, "the link between the evidence and credibility determination [was] missing" and all that is left is the ALJ's implied conclusion that the claimant's subjective complaints were not credible. 68 F.3d at 391.

As noted above, the claimant also challenges the sufficiency of the ALJ's consideration of his alcoholism. The Court declines to reverse on this basis but does observe that some additional analysis by the ALJ would be beneficial to the Court. In particular, it is unclear whether the ALJ found the claimant to be disabled before proceeding to analyze his alcoholism under 20 C.F.R. § 404.1535. *See, e. g., Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("The implementing regulations make clear that a finding of disability is a condition precedent to an application of [42 U.S.C.] § 423(d)(2)(C) [of the Social Security Act.]"), *citing* 20 C.F.R. § 404.1535(a) ("If we find that you are disabled and have medical evidence of your . . . alcoholism, we must determine whether your . . . alcoholism is a contributing factor material to the determination of disability."). For example, in one portion of his decision the ALJ found that "the claimant is not disabled from his impairments" but later stated that "the claimant would be disabled due to his substance

abuse and alcoholism." (Tr. 23). While it might reasonably be inferred from the ALJ's analysis of the claimant's alcoholism under 20 C.F.R. § 404.1535(b)(1-2) that he did in fact find the claimant disabled, it is inappropriate for a reviewing court to supply *post hoc* reasoning for the ALJ's decision. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted]. *See also Drapeau*, 255 F.3d at 1214 (reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). Since the case is being remanded to the ALJ for further analysis of the claimant's credibility anyway, the ALJ should also clarify his findings regarding the claimant's alcoholism.

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman* in analyzing the claimant's credibility, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion[.]" *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, if the ALJ determines that the claimant's subjective complaints result in further functional limitations, he must include those limitations in the claimant's RFC and re-determine whether he is disabled.

**Conclusion**

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence.

Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 25th day of September, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**